ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GABRIEL G. ATAMIAN, MD, MSEE, JD,

    Plaintiff,

v.

JAMES J. GENTILE, DDS, and
"JANE DOE", a/k/a Ms. Shelby,
secretary*,

    DEFENDANTS.

CIVIL ACTION NO.

06 - 183

## COMPLAINT

COMES NOW the plaintiff, Gabriel G. Atamian, MD, MSEE, JD, by himself, and as a cause of action against the above-named defendants, hereby alleges to this Honorable Court as follows:

### STATEMENT AS TO JURISDICTION

1.   This is a civil action seeking, compensatory and punitive damages relief.

    This is a diversity jurisdiction case.

    Jurisdiction is invoked pursuant to 28 U.S.C. Section 1332.

---

\* Plaintiff will amend his complaint after having the full name.

## PARTIES

2.  Plaintiff is a naturalized citizen of the United States of America. Plaintiff is a resident of the State of Delaware.

Plaintiff is a 70 years old American Christian.

Plaintiff is a physician, electrical engineer and a lawyer. Plaintiff is a physician with three specialities :

a. Board certified in Physical Medicine and Rehabilitation,

b. Psychiatry with a Diploma with Honors,

c. Also, plaintiff has done 3 years of educational training in Cardiology at the American College of Cardiology.

In addition, plaintiff has:

| | | |
|---|---|---|
| BA | in mathemathics | 1960 |
| BS | in computer sciences | 1986 |
| MA | in chemistry | 1961 |
| MD | doctor in medicine | 1965 |
| MSEE | master in electrical engineering | 1989 |
| MS | in applied physics | 1990 |
| JD | juris doctor | 1993 |

3. Defendant, James J. Gentile , DDS, is a practicing dentist in Media, in the State of Peensylvania.

Defendant, "Jane Doe", is the secretary of the dentist.

CAUSE OF ACTION

COUNT I
COMPLETE LACK OF TREATMENT PLANNING

Plaintiff, Gabriel G. Atamian,MD,MSEE,JD, by himself, complaints of the defendants, James J. Gentile,DDS, hereinafter 'Dr.' ; and, "Jane Doe" , hereinafter 'Ms. Shelby', states:

4. That on August 17, 2004, 'Dr.', was a dentist licensed to practice dentistry, in the State of Pennsylvania.

5. That on August 17, 2004, 'DR.', provided care and treatment to plaintiff.

6. On October 5, 2004, plaintiff requested the treatment planning especially of teeth# 3 and 5.

7. 'Dr.' refused to provide the treatment planning of teeth# 3 and 5.

8. That as as a result of the refusal of 'Dr.' , plaintiff was injured and damaged; and has been caused to suffer pain and mental anguish.

WHEREFORE, plaintiff prays for compensatory and punitive damages.

COUNT II
COMPLETE LACK OF INFORMED CONSENT

9. Plaintiff incorporates all the allegations in paragraphs 1 to 9.

10. That 'Dr.' did not provide an informed consent to plaintiff.

11. That 'Dr.' did not discuss the risks associated in the treatment.

12. That 'Dr.' did not mention any alternative treatment .

13. That 'Dr.' did not discuss with plaintiff the estimated fees and time for the dental treatment.

14. That there was a complete lack of informed consent furnished by 'Dr.' to plaintiff.

15. That as a result of complete lack of informed consent plaintiff

was injured and damaged ; and has been caused to suffer pain and mental anguish.

    WHEREFORE, plaintiff prays for compensatory and punitive damages.

## COUNT III
### DEFENDANT REFUSED TO DISCLOSE THE FINDINGS OF ORAL EXAMINATION

16. Plaintiff incorporates all the allegations in paragraphs 1 to 15.

17. On October 5, 2004, plaintiff requested the entire diagnosis and the findings of plaintiff's oral examination by 'Dr.'.

18. 'Dr.' refused to provide the findings of the oral examination to plaintiff.

19. That as a result of refusal by 'Dr.' to provide the findings of the oral examination, plaintiff was injured and damaged ; and has been caused to suffer pain and mental anguish.

    WHEREFORE, plaintiff prays for compensatory and punitive damages.

## COUNT IV
### DEFENDANT REFUSED TO DISCLOSE THE FINDINGS OF THE MOUNTED DIAGNOSTIC CAST

20. Plaintiff incorporates all the allegations in paragraphs 1 to 19.

21. On October 5, 2004, plaintiff requested the findings of the mounted diagnostic cast.

22. 'Dr.' refused to provide to plaintiff the findings of the mounted diagnostic cast.

23. That as the result of the refusal to produce the findings plaintiff was injured and damaged; and has been caused to suffer pain and mental anguish.

    WHEREFORE, plaintiff prays for compensatory and punitive damages.

## COUNT V
## COMMON LAW CONSPIRACY

24.  Plaintiff adopts and incorporates by reference all the allegations contained in paragraphs 1 to 23 of this complaint.

### A. INTRODUCTION: Factual Background for the Genesis of Conspiracy.

Plaintiff is born in the Middle-East and has a distinguishing accent. Also, plaintiff has been taken for an 'Arab', the following are the explanation for it:

My parents were Armenians from Turkey. After the massacre by the turks in 1914, my parents immigrated to Syria. My beloved mother, for ten years, was raised in an orphanage in Syria, by the American Protestant Missionary. The Americans came to Syria for the purpose of caring the Armenian victims of the massacre.

In 1928, my parents were married. Then, they moved to Iran. I was born in Iran in 1935.

On March 19, 1956 I came to America as a student. I had a syrian passport. During my training in my medical school, I was discriminated by the Jewish Physicians. They knew about my Syrian background (Citizenship).

In 1979, left New York City and came to Washington, DC. The Jewish Physicians from New York have spread about my Syrian background of being an 'Arab' in Washington, DC.

5

Plaintiff's entire earnings record from 1956 until 1999, which reveals that plaintiff was not able to earn an income since he left New York City on 1979.

The irony of the above fact is that New York State on September 1983, has granted plaintiff a Diploma of Psychiatry with Honors, and with comments of Dr. Edward J. Hornick, MD, Chief of Psychiatry.

On june 1985, I surrendered my license to practice medicine to the State of Virginia because of Jewish Conspiracy from New York for taking me for an 'Arab'.[1]

Since 1985, I earned my BS in Computer Sciences(1986) MSSE Master's in Electrical Engineering (1989) and MS in Applied Physics (1990). Needless to say that I could not find any job in Engineering because of continual Jewish Physician Conspiracy from New York State.

---

(1) Couple days later, after plaintiff's voluntary surrender of the license, receives a letter from New York State Licensure Department, Albany, NY. Plaintiff contacted with telephone to the sender of the above letter who told plaintiff that:"Plaintiff has a license in medicine for life in New York, and that plaintiff should return back to New York."

Plaintiff's entire earnings record from 1956 until 1999, which reveals that plaintiff was not able to earn an income since he left New York City on 1979.

The irony of the above fact is that New York State on September 1983, has granted plaintiff a Diploma of Psychiatry with Honors, and with comments of Dr. Edward J. Hornick, MD, Chief of Psychiatry.

On june 1985, I surrendered my license to practice medicine to the State of Virginia because of Jewish Conspiracy from New York for taking me for an 'Arab'.[1]

Since 1985, I earned my BS in Computer Sciences(1986) MSSE Master's in Electrical Engineering (1989) and MS in Applied Physics (1990). Needless to say that I could not find any job in Engineering because of continual Jewish Physician Conspiracy from New York State.

---

(1) Couple days later, after plaintiff's voluntary surrender of the license, receives a letter from New York State Licensure Department, Albany, NY. Plaintiff contacted with telephone to the sender of the above letter who told plaintiff that:"Plaintiff has a license in medicine for life in New York, and that plaintiff should return back to New York."

Also, on 1987, Plaintiff's beloved mother was murdered[2] by a jewish physician at Washington Adventist Hospital, by willfully and knowingly prescribing medications with dosages which were fatal to any person.

Until today, the jewish physician conspiracy is alive and still continues harassing Plaintiff.. The New York jewish physician have interferred in the fabrication of bridge#3,4,5 in the following states:

* 1978 in NYC,Ny
* 1979 in Phoenix, AZ
* 1982 in Washington, DC
* 1990 in Hyattsville, MD
* 1991 in Boston, MA
* 1997 in University of Pa., Philadelphia, Pa.

---

(2) Plaintiff's curriculum vitae reveals that plaintiff has done three years of educational cardiology at the American College of Cardiology. Plaintiff knows about captopril as well as any expert about the drug captopril.

A physician never uses 37.5 mg of captopril on an elderly woman with congestive heart failure, it will definitely precipitate hypotensive crisis.
A physician never gives 2L/minute of O2 when $pCO_2$ is 79 and $pO_2$ is 74, the result is definitely respiratory arrest.
My mother, because of the above orders, in the morning of June 1, 1987, developed a massive stroke and respiratory arrest. My beloved mother was actually dead on June 1. 1987. after all those medications and dosages given to her purposely, willfully and deliberately.

The hospital concealed from me the fact that my mother had a stroke and a brain damage and respiratory center destruction, and it choose to keep my mother alive for three months and ten days with sham treatments by keeping her on a respirator. (The respirator is a machine which keep people alive artificially)

B. SPECIFIC CONSPIRACY

### DENTISTS HAVE REFUSED TO TREAT PLAINTIFF'S DENTAL PROBLEMS

In the present case, plaintiff reqpectfully requests this Honorable Court to notice the following facts:

(a) Since, plaintiff has left NYC, on June 1979, the ~ew York Jewish Physician have interferred in the fabrication of plaintiff's bridge# 3,4,5.

(b) On May 24, 1999, Delaware State Dental Society and Dr. Ralston, DDS, have refused to do a Peer Review regarding the dental work done by Dr. Bahar.

(c) On July 27, 1999, Dr. Bond, DDS, after examining plaintiff's oral cavity and mouth, Dr. Bond refused to put in writing the dental findings.

(d) On July 28, 1999, Dr. Mazoch, DDS, refused to write the report about the diagnostic impression taken on plaintiff's mouth. Dr. Mazoch refused to treat plaintiff.

(e) On December 27, 2000, Dr. Chialastri, DMD, informed plaintiff that she will not treat plaintiff for teeth cleaning which was scheduled by her on January 10, 2001, at 12:00 pm.

(f) On November 28, 2000, Dr. Webster, DDS, refused to do a simple cleaning, scaling and root planning, of plaintiff's teeth. When, plaintiff arrived at Dr. Webster's office , Dr. Webster told that:"He(Dr. Webster) is not going to render any kind of treatment to plaintiff."

(g) On March 5, 2001, at 12:00 pm, plaintiff had an appointment with Dr. Jester,DDS, for oral examination and teeth cleaning. Plaintiff arrived half an hour earlier than his appointment scheduled . After, having to wait one hour in Dr. Jester's office, Dr. Jester at 1:00 o'clock, told plaintiff that :"He(Dr. Jester) is not going to perform a preliminary examination on plaintiff's mouth,and, also, that he is not going to perform a simple cleaning of plaintiff's mouth and teeth."

(h)On April 6, 2001, Patricia M. Duca, of the Nemours Health clinic, informed plaintiff in writing, that the clinic will not render dental treatment to plaintiff.

The above decisions of the defendants indicate the arbitrary and unresasonable action by the NHC and its Officers Perry and Duca, a departure from the normal procedural sequence also might afford evidence that improper purposes are playing a role. Substantive departures too may be relevant particularly if the factors usually considered important by the decisionmaker strongly favor a decision contrary to the one reached. See <u>Arlington Heights v. Metro Housing Corp.</u> 429 US 252, 50 L Ed 2d 450, 466, 97 S Ct 555.

i) On 2002, Dr. Michael J. Ryan,DDS, case pending in Superior Court of Delaware, Case No.: 03C-12-038(RBY);

j) On 2003, Dr. Anthony W. Vattilana,DDS, refused to treat Plaintiff's dental problems.

k)   On 2004, Dr. Linda Nguyen, DDS, case pending in the Supreme Court of Delaware, Case No.: 595,2005;

l)   On 2004, Dr. James J. Gentile, DDS, the dentist's secretary, Ms. Shelly, stated: " That we will not tolerate Plaintiff's antisemitism."

m)   On 2005, refusal to treat Plaintiff's dental urgent need of dental care by Dr.Michael W. Martin , DDS and Dr. Christopher Burns, DDS.

n)   Also, the most important is the malicious work done by DR. Arezoo A. Bahar, DDS on Plaintiff's dentition, from 1998 to 1999.

On October 11, 2004, Dr. Gordon J. Christensen's Affidavit, states:

> "Assuming that Exhibit A was taken on 11/24/98 and exhibit B only three weeks later, it is very peculiar that there is significant and gross tooth destruction on exhibit B ..........If this in fact occured only three weeks it would be a major undescribable phenomenon...
>
> ... however it is very peculiar situation that I have not seen before in 45 years."

As the Affidavit of Dr. Christensen states that it is very peculiar to have gross tooth destruction in three weeks, it would be a major undescribable phenomenon. The only way to explain this peculiar phenomenon , it is done by the intentional, willfull and purposeful act of Dr. Bahar by injuring and destroying the -cementum and the periodontal ligament.

WHEREFORE, plaintiff prays the Court the following question:

Is the failure and refusal to treat plaintiff's dental conditions by 'Dr.', the continuation of the jewish conspiracy from NYC? (3)

Further, to appoint a Christian Master to find out about the truth of the matter of the above foregoings. (4)

---

(3) Plaintiff was stopped and frisked on December 11, 2001, by Trooper Hawk, of the Delaware State Police. Bus driver has called the State Police about plaintiff, and identifying plaintiff as an Afghan citizen. (See <u>Atamian v. Trooper Hawk</u>, et al, Case No. 499, 2003. Supreme Court of the United States).

(4) All my gums are inflammed. There is also an abscess on tooth#29 with a fistula formation. Because of jewish conspiracy, plaintiff is not able to have dental care. As the above foregoing reveals that plaintiff was refused treatment. Plaintiff prays the Court that will interfer in this matter , and finally a christian dentist is chosen to eradicate plaintiff's urgent dental problems.

COUNT VI
INTENTIONAL FABRICATION OF DEFECTIVE AND FAULTY TEMPORARIES

26. Plaintiff incorporates all the allegations in paragraphs 1 to 24.

27. On September 8, 2004, 'Dr.' fabricated two temporaries for teeth# 3 and 5.

28. Both temporaries # 3 and 5, does not satisfy the occlusion function, such as function and comfort.

29. Both temporaries # 3 and 5 are fabricated extremely big , especially on the vertical dimension. Attached hereto, is the photo of temporary # 3, which indicates that it is extremely big one.

30. Photo of temporary # 3, does indicate that it does overlap and penetrate in the zone of tooth# 31. Thus, during the protrusion of the mandibule , there will be rubbing of tooth #31 to the temporay # 3, , which is below the standard of care for the temporaries.

31. The rubbing of para. 30, is known as interferences which are delitirious to the entire dention.

32. On September 21, 2004, plaintiff informed 'Dr.' that the temporaries are too big on the right side ; and, that plaintiff cannot eat from the right side where the temporaries are located; plaintiff does eat from the left side only.

33. That as the result of faulty temporaries fabricated by 'Dr.', plaintiff was injured and damaged; and has been caused to suffer pain and mental anguish.

　　　　WHEREFORE, plaintiff prays for compensatory and punitive damages.

COUNT VII
INTENTIONAL LEAVING THE OCCLUSAL SURFACE OF TOOTH #31
TO BE UNPOLISHED AND ROUGH

34. Plaintiff incorporates all the allegations in paragraphs 1 to 33.

35. On september 14, 2004, after filling the tooth # 31 with composite resin, 'Dr.' did not polish and smoothen the occlusal surface of the tooth.

36. The above act of omission of 'Dr.' is certainly below the standard of care and treatment in dentistry.

37. On subsquent visit, plaintiff mentioned to 'Dr.' about the roughness present on tooth# 31, which does irritate plaintiff's tongue.

38. 'Dr.' responded that it cannot do anything about the roughness of tooth # 31.[4]

39. That as result of the roughness of tooth#31, plaintiff was injured and damaged; and has been caused to suffer pain and mental anguish.

   WHEREFORE, plaintiff prays for compensatory and punitive damages.


COUNT VIII
THREATENING CALL BY DETECTIVE FROM PENNSYLVANIA

40. Plaintiff incorporates all the allegations in paragraphs 1 to 39.

41. On March 10, 2005, plaintiff received a call from detective from Pennsylvania, advising plaintiff not to request any record from 'Dr.'.

---

(4) Further , there is wedge present on the cavernosurface of tooth# 31, because during the flossing it does catch . The wedge is due to faulty preparation of tooth # 31 by 'Dr.". To have wedge present is definitely below the standard of care and treatment in dentistry.

42. Furthermore, the detective mentioned on the telephone that if plaintiff pursues the request of the record , he will try to arrest plaintiff.

43. Plaintiff immediately notified the State Police of Delaware about the above event of para. 42., about the detective's threat.

44. For the above facts, plaintiff was injured and suffered mental anguish.

   WHEREFORE, plaintiff prays for compensatory and punitive damages.


                              COUNT IX
                    VIOLATION OF 42 USC § 1985(3)

45. Plaintiff incorporates all the allegations in paragraphs 1 to 44.

46. On october 5, 20004, a letter was forwarded to 'Dr.' for the request for the findings of the oral examination, the findings of mounted diagnostic cast and also treatment planning of teeth# 3 and 5.

47. On October 6, 2004, 'Ms. Shelby', secretary of 'Dr.', did make a very threatening statement to plaintiff: " **We will not tolerate your (plaintiff) anti-semitism."**

48. The above statement was extremely threatening to plaintiff who has been taken by the jewish physician from NYC for an "ARAB". (See Count V, supra)

49. 'Dr.' and 'Ms. Shelby' have conspired to deprive plaintiff from his rights and privileges.

50. 'Dr.' and 'Ms. Shelby' have tried to injure plaintiff by giving make-believe dental treatment to plaintiff. (See Photo of temporay # 3, and also Count VI, supra).

51. Because of the above foregoings, plaintiff was injured and

damaged.

    WHEREFORE, plaintiff prays for compensatory and punitive damages.

## COUNT X
### VIOLATION OF CIVIL RIGHTS ACT OF 1964

52.   Plaintiff incorporates all the allegations in paragraphs 1 to 51.

53.   Civil Rights are personal rights guaranteed by United States Constitution and subsquently by acts of Congress, such as Civil Rights Acts of 1964.

54.   Civil Rights Act of 1964 particularly guarantees to be free from discrimination especially by the health care providers. (See Title VI of the Civil Rights Act of 1964)

55.   'Dr.' and 'Ms. Shelby' have violated plaintiff's civil rights by discriminating plaintiff and labeling him an "anti-semitism".

56.   For the above facts, plaintiff was injured and suffered mental anguish.

    WHEREFORE, plaintiff prays for compensatory and punitive damages.

## COUNT XI
### DEFAMATION THROUGH SLANDER

57.   Plaintifff incorporates all the allegations in paragraphs 1 to 56.

58.   'Dr.' and 'Ms. Shelby' have defamation against plaintiff by telling that plaintiff is an anti-semite.

59.   The above slander and defamatory word tending to prejudice plaintiff in his reputation, community standing and means of livelihood. (See Restatement, Second, Torts § 558)

60.   For the above facts, plaintiff was injured and suffered mental anguish.

    WHEREFORE, plaintiff prays for compensatory and punitive damages.

Respectfully submitted,

*Gabriel G. Atamian, MD, MSEE, JD* (signed)
Gabriel G. Atamian, MD, MSEE, JD
1021 N. State Street Apt A
Dover, DE 19901
302-678-2546
Plaintiff. Pro se.

March 17, 2006

VERIFICATION

I, plaintiff Gabriel G. Atamian,MD,MSEE,JD,do hereby verify that the compensatory damages only amounts to $250,000.00 to the best of my evaluation and estimation.

Plaintiff also has pleaded punitive damages where it should be evaluated or decided by the jury.

                                              Very truly,

                                          _Gabriel G. Atamian, MD, MSEE, JD_
                                          Gabriel G. Atamian,MD,MSEE,JD
                                          1021 N. State Street Apt A
                                          Dover, DE 19901
                                          302-678-2546
                                          Plaintiff. Pro se.

March 17, 2006



06-183

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Gabriel G. Atamian, MD, MSEE, JD

**DEFENDANTS**
James J. Gentile, DDS, and "Jane Doe", a/k/a Ms. Shelby, secretary

(b) County of Residence of First Listed Plaintiff: Kent County, Delaware
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Plaintiff. Pro se

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [X] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [X] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [X] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC § 1332
Brief description of cause: 1. Personal Injury 2. Civil Rights Acts of 1964, 3. Defamation (Slander) 4. Conspiracy.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 50,000.00 Compensatory Damages Punitive Damages to be evaluated by the Jury.
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE _____ DOCKET NUMBER _____

DATE: March 17, 2006
SIGNATURE OF ATTORNEY OF RECORD: Plaintiff. Pro se
Gabriel G. Atamian, MD, MSEE, JD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____06 - 183_____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____3____ COPIES OF AO FORM 85.

_____March 17, 2006_____    _____Gabriel G. Atomian_____
(Date forms issued)                (Signature of Party or their Representative)

                                   _____
                                   (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action