IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GABRIEL G. ATAMIAN, MD, MSEE, JD, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 06-183-SLR ) |
| JAMES J. GENTILE, DDS, and JANE DOE a/k/a Ms. Shelby, secretary, | ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Gabriel G. Atamiam ("Atamian") filed this lawsuit based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. Atamiam is a resident of the State of Delaware. He alleges that defendant James J. Gentile, DDS, ("Dr. Gentile") practices dentistry in Pennsylvania and defendant Jane Doe a/k/a Ms. Shelby ("Shelby") is Dr. Gentile's secretary. "A federal court sitting in diversity must apply state substantive law and federal procedural law." Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citations omitted). Because the alleged actions took place in Pennsylvania, its substantive law applies to the state claims. In addition to the claims raised under Pennsylvania law, plaintiff raises claims based upon federal law.

Atamiam appears pro se and on April 13, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 8) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below,

counts V, IX, and X of the complaint are dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.    THE COMPLAINT

Atamian alleges that on August 17, 2004, Dr. Gentile provided him dental care and treatment. (D.I. 2, count I) counts I, III, IV, and VIII appear to allege that Dr. Gentile refused to provide plaintiff with copies of his medical records in violation of Pennsylvania law. More particularly, plaintiff alleges that on October 5, 2004, he requested his treatment plan (count I), the findings of an oral examination (count III), and the findings of a mounted diagnostic cast (count IV), all of which were refused to him by Dr. Gentile. Atamiam further alleges that on March 10, 2005, he received a telephone call from a Pennsylvania detective advising him not to request any records from Dr. Gentile. (D.I. 2, count VIII)

Count II raises a claim under Pennsylvania law based upon "informed consent." Count V alleges a common law conspiracy by Jewish physicians, and counts VI and VII allege dental malpractice[1] based upon the fabrication of defective and faulty temporaries (count VI) and failing to polish and smoothen the occlusal surface of a tooth (count VII). The last state claim, Count XI, alleges plaintiff was slandered by defendants when they

---

[1]Plaintiff did not file a certificate of merit for the malpractice counts as is required by the Pennsylvania Rules of Civil Procedure. Pa. R. C. P. 1042.3

-2-

told him he was an anti-Semite.

Plaintiff also brings two claims based upon federal law. Count IX alleges a conspiracy by the defendants to deprive plaintiff of his "rights and privileges" by telling plaintiff they would not tolerate his anti-Semitism, and by "giving make-believe dental treatment to plaintiff". (D.I. 2, p. 14) Count X is brought pursuant to Title VI of the Civil Rights Act of 1964 and alleges that defendants violated plaintiff's civil rights by discriminating against him and labeling him an "'anti-semitism'". Id. at p. 15. Plaintiff seeks compensatory and punitive damages.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent

standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Inasmuch as plaintiff proceeds pro se, the court construes the complaint liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

**III. ANALYSIS**

   **A.   Common Law Conspiracy**

Count V alleges a common law conspiracy.  Plaintiff alleges a conspiracy that began in 1965 by Jewish physicians from New York City, and that now continues into the present in the form of denial of dental care by various medical personnel.  To prove a civil conspiracy, it must be shown that two or more persons combined or agreed with intent to do an unlawful act or do an otherwise lawful act by unlawful means.  Thompson Coal Co. v. Pike Coal Co., 488 Pa. 198, 412 A.2d 466 (Pa. 1979).

The specific allegation against defendants is that, "[o]n 2004, Dr. James J. Gentile, DDS, the dentist's secretary, Ms. Shelly, stated: 'That we will not tolerate Plaintiff's antisemitism.'" (D.I. 2, p. 10)  An almost identical common law conspiracy claim was previously raised by plaintiff in Atamiam v. Assadzadeh, No. CIV.A. 00-CV-3182, 2002 WL 538977 (E.D.Pa. Apr.

9, 2002), aff'd, 02-2046, 64 Fed.Appx. 348 (3d Cir. Feb. 4, 2003), and dismissed with prejudice. In the present case, plaintiff merely continues his litany of complaints subsequent to the disposition of the Assadzadeh case, from 2002 to 2005.

The sole conspiracy allegation against the defendants is that plaintiff's anti-Semitism would not be tolerated. (D.I. 2, p. 10) There is nothing in Count V to suggest that defendants conspired with others to deny plaintiff dental care or that this one alleged act in any way was made with the sole intent of refusing to treat plaintiff's dental condition. Indeed, it is clear from the allegations in the complaint that plaintiff was provided some type of dental treatment by Dr. Gentile, albeit, not to his liking. Based upon the foregoing, the common law conspiracy claim is dismissed without prejudice, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**B.   42 U.S.C. § 1985(3) Conspiracy**

Count IX of the complaint is a federal conspiracy claim brought pursuant to 42 U.S.C. § 1985(3). To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) that the conspiracy is motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the

deprivation of any right or privilege of a citizen of the United States. See Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997).

In the case at bar, while plaintiff attempts to allege a "national origin" animus by defendants, he does not allege that they deprived him of equal protection or a constitutional right. Rather, plaintiff makes the vague allegation that defendants "have conspired to deprive plaintiff from his rights and privileges." (D.I. 2, p. 14) What rights and privileges he refers to is unknown. The court, therefore, dismisses plaintiff's § 1985(3) claim without prejudice, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

### C.  Civil Rights Act of 1964

Count X of the complaint is brought pursuant to Title VI of the Civil Rights Act of 1964. Plaintiff alleges that defendants violated his civil rights by discriminating against him and labeling him an anti-Semite. Title VI of the Civil Rights Act of 1964 provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. See Alexander v. Sandoval, 532 U.S. 275, 278 (2001).

As pled, Count X of the complaint does not allege that plaintiff was discriminated against by a program receiving

Federal financial assistance. As a result, he fails to state a claim under Title VI of the Civil Rights Act of 1964. The claim raised in Count X presents no arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. at 325. It, therefore, is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV. CONCLUSION

NOW THEREFORE, at Wilmington this 2d day of June, 2006, IT IS HEREBY ORDERED that

1. Counts V, IX and X of the complaint are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The court has identified cognizable diversity state claims based upon Pennsylvania law in the remaining counts (i.e., counts I, II, III, IV, VI, VII, VIII). Plaintiff is allowed to PROCEED with these state claims.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order t be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff has completed and provided **original** "U.S. Marshal-285" forms for the **defendants. Plaintiff has also provided the court with copies of the complaint (D.I. 2) for service upon the defendants.**

2. The United States Marshal shall serve a copy of the

complaint and this order upon the defendants as directed by plaintiff. All costs of service shall be advanced by the United States.

3. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

                                                _/s/ Sue L. Robinson_
                                                UNITED STATES DISTRICT JUDGE