IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2006 JUN 14  PM 2:22

Gabriel G. Atamian MD, MSEE, JD,   :

   Plaintiff,   :

v.   :   Civil Action No.
                                      06-183-SLR
James J. Gentile, DDS, and
Jane Doe a/k/a Ms. Shelby,   :
secretary,
                                   Demand of Jury Trial
   Defendants.   :

   :

MOTION FOR RECONSIDERATION

COMES NOW, plaintiff Gabriel G. Atamian, MD, MSEE, JD, moves the Court for the Reconsideration or in the alternative pursuany to Rule 60(b), relief from Order , dated June 2nd, 2006,; and, in support of the motion , states;

I. COMPLAINT CANNOT BE AUTOMATICALLY FRIVOLOUS

A. COMPLAINT FILED IN FORMA PAUPERIS IS NOT AUTOMATICALLY FRIVOLOUS.

The District Court erred in dismissing sua ponte Counts V, IX and X pursuant to 28 USC § 1915 (e)(2)(B), See Neitzke v. Williams 490 US 319 (1989)

B. The DISTRICT COURT ERRED IN THE DETERMINATION OF RATIONAL ARGUMENT IN FACT OR LAW.

In the present case, the District Court did not analyse the factual basis and did not provide any rational determination of facts.

The Case cited by the District Court of Atamian v. Assadzadeh, is completely different in facts and issues from the present case. Plaintifff will furnish the complete text of the Assadzadeh case to this Honorable Court after his return from the summer vacation,

In <u>Assadzadeh</u> plaintiff was taken for an "Arab".

But, in contrast, in the present case, Ms. Shelby has stated: (1)
" That we will not tolerate Plaintiff's antisemitism."

Therefore, the District Court erred in the determination of any rational argument in fact and law.

### C. PLAINTIFF'S DUE PROCESS CLAUSE HAS BEEN VIOLATED

In essence, 28 USC 1915 was promulgated for the prisoners. The law is clear that prisoners have no constitutionnaly protected liberty, thus no due process clause protection. See <u>Neitzke</u>, Id., p. 323.

Plaintiff is not a prisoner; thus, the Due Process Clause is applicable to plaintiff.

In summary, the district Court should not dismiss plaintiff's Counts V, IX and X sua sponte pursuant to 28 USC § 1915(e)(2)(B).

### D. VIOLATION OF THE ADVERSARY PROCEEDINGS CONTEMPLATED by the FEDERAL RUKES.

The District Court erred in dismissing plaintiff's complaint violationg of the adversary proceedings contemplated by the Federal Rules. In summary, the District Court violated the : " to assure equality of consideration for all litigants." See <u>Neitzke</u>, Id., p.329.

---

(1) Plaintiff is planning summer vacation from June 20 to July 10, 2006. Therefore, plaintiff respectfully requests the District Court to refrain serving memorandum or Ordersuntil plaintiff returns from his vacation on July 10, 2006.
After, July 10, 2006, plaintiff will furnish the entire text of <u>Assadzadeh</u>, to the District Courtwhere it will be evident thatthe facts and issues in <u>Assadzadeh</u> are completely different than what Ms. Shelsby has stated. This was the first time that a threatening statement was made to plaintiff.

2

II.  THIS PRESENT CASE IS FILED UNDER DIVERSITY JURISDICTION

This present case is filed under 28 USC Section 1332. A diversity jurisdiction of the district court.

In diversity cases the subject matter jurisdiction of the federal courts is defined by who the parties to the lawsuit are rather than the subject matter of the underlying dispute. Federal subject matter of jurisdiction exists in cases were the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs. See 28 USC § 1332.

Also, described in Article III § 2 of the US constitution, as cases " between citizens of different states."

Thus, the District Court erred in the remaining counts I, II, III, IV, VI, VII and VII to treat as a pendent or ancillary jurisdiction. In this present case, the District Court has original jurisdiction of the entire claims, under Diversity Jurisdiction.

III.  TO CERTIFY QUESTION TO THE 3rd CIRCUIT OF APPEALS COURT

Plaintiff respectfully requests from the District Court for leave of the court for a motion to certify question to the 3rd Circuit Court of Appeals , for 28 USC § 1915(e)(2)(B).

The certify question will be as follows:

> "Whether Section 1915(e)(2)(B) violates the due process clause; where a complaint is filed in forma pauperis by a party who is not a prisoner?"

Plaintiff is one of the best educated persons that America has produced so far. Plaintiff possesses 10 advance  degrees including psychiatry with highest honors. Definitely, plaintiff's due process protection is violated by the application of 28 USC § 1915(e)(2)(B), because plaintiff is not incarcerated.

3

WHEREFORE, plaintiff prays the District Court to:

a. to reconsider and Grant the motion;

b. to certify the question by giving leave of motion to certify the question in Section III , supra;

c. the present case is filed under diversity juridiction and should be adjudicated in the District Court.

Respectfully submitted,

*Gabriel G. Atamian, MD, MSEE, JD*

Gabriel G. Atamian, MD, MSEE, JD
1021 N. State Street Apt A
Dover, DE 19901
Plaintiff. Peo se
302-678-2546

June 14, 2006

4

CERTIFICATE OF SERVICE

I, Gabriel G. Atamian, MD, MSEE, JD, do hereby certify that a copy of Plaintiff's motion for Reconsideration, was served on June 14, 2006, first class mail, postage prepaid, on:

James J. Gentile, DDS
120 East Baltimore Pike
Media, PA 19063-3890

Secretary
Ms. Shelby
120 East Baltimore Pike
Media, PA 19063-3890

Gabriel G. Atamian, MD, MSE, JD

June 14, 2006