IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GABRIEL G. ATAMIAN, MD, MSEE, JD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 06-183-SLR |
| ) | |
| JAMES J. GENTILE, DDS, SECRETARY ) | |
| JANE DOE, a/k/a SHELBY, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS, JAMES J. GENTILE, DDS AND JANE DOE, A/K/A/ SHELLY SIMEONE'S RESPONSE TO PLAINTIFF'S MOTION FOR TRANSFER AND MOTION TO STAY

Defendants, James J. Gentile, DDS and Jane Doe, a/k/a Shelly Simeone, by and through their attorneys, Morris, James, Hitches and Williams, LLP, hereby respond to Plaintiff's Motion for Transfer and Motion to Stay as follows:

### BACKGROUND

On August 11, 2006, defendants filed their Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (the "Motion to Dismiss"). [D.I. 14.] Defendants contend that because they both work and reside in the State of Pennsylvania, and because the allegations giving rise to the Complaint also took place in Pennsylvania, plaintiff cannot satisfy his burden of establishing sufficient minimum contacts between Dr. Gentile or Ms. Simeone to support either jurisdiction or proper venue. Therefore, this action should be dismissed.

In response, plaintiff has filed two motions. The first is a motion to transfer this matter to the District Court of Pennsylvania pursuant to 28 U.S.C. § 1404(a) (the "Motion to Transfer"). [D.I. 16.] Plaintiff has also filed a motion to stay the proceedings which, on its face, is inconsistent with the motion to transfer (the "Motion to Stay"). [D.I. 18.] However, to the extent

that plaintiff argues through the Motion to Stay that defendants' Motion to Dismiss is moot, that argument is addressed below.

## ARGUMENT

**A.     This Action Should be Dismissed For Improper Venue as Set Forth in 28 U.S.C. §1406(a).**

Through the Motion to Dismiss, defendants argued that because this is a diversity action, venue is governed by 28 U.S.C. §1391(a), which requires this action to be brought in Pennsylvania given that both defendants reside and work there and the alleged underlying acts giving rise to Plaintiff's action took place there. And, as made clear in his Motion to Transfer, plaintiff agrees. Thus, the only remaining issue is whether this case should be transferred or dismissed pursuant to § 1406(a).

Section 1406(a) provides for the dismissal of a case which has been filed in the wrong division or district, or if it is in the interest of justice, transfer of the case to any district or division in which it could have been brought. As stated in their Motion to Dismiss, defendants submit that the interest of justice requires that this matter be dismissed rather than simply transferred.

In its Order dated June 2, 2006 (the "June 2, 2006 Order"), this Court held that Pennsylvania law applied to the instant action. [D.I. 9.] As the Court acknowledged, plaintiff has failed to file the required Certificate of Merit within the time set forth by Pa.R.C.P. No. 1042.3., which provides as follows:

> In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party . . . .

The Complaint was filed on March 17, 2006. [D.I. 2.] To date, plaintiff has filed neither the required certificate nor a motion to extend the time to file the certificate. In such cases, the Prothonotary is required to enter a judgment of *non pros* against the plaintiff for failure to file a Certificate of Merit within the required time. *See* Pa.R.C.P. No. 1042.6(a). Because this case can not go forward as filed under Pennsylvania law, this action should be dismissed.[1]

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

Amy A. Quinlan (#3021)
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800
Attorneys for Defendants
aquinlan@morrisjames.com

Dated: August 30, 2006

---

[1] Similarly, 18 *Del. C.* § 6853 requires that an appropriate Affidavit of Merit be filed contemporaneously with the Complaint, otherwise, the matter must be dismissed. Thus, both Delaware and Pennsylvania law dictate that this action must be dismissed.

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2006, I electronically filed DEFENDANTS, JAMES J. GENTILE, DDS AND JANE DOE, A/K/A SHELLY SIMEONE'S RESPONSE TO PLAINTIFF'S MOTION FOR TRANSFER AND MOTION TO STAY and this Certificate of Electronic Service with the Clerk of Court using CM/ECF.

I hereby certify that on August 30, 2006, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

Gabriel Atamian *(pro se)*
1021 N. State Street, Apt. A
Dover, DE  19901

_____
Amy A. Quinlan (#3021)
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899
(302) 888-6800
aquinlan@morrisjames.com

1445822/1