IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GABRIEL G. ATAMIAN, MD, MSEE, JD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DDS JAMES J. GENTILE, )<br>SECRETARY JANE DOE, a/k/a )<br>SHELBY, ) | Civ. No. 06-183-SLR |

**MEMORANDUM ORDER**

At Wilmington this 25th day of September, 2006, having reviewed the motion for reconsideration, and the papers submitted thereto;

IT IS ORDERED that the motion for reconsideration (D.I. 10) is denied, for the reasons that follow:

1. **Background.** Plaintiff, who proceeds pro se and was granted leave to proceed in forma pauperis, filed the present law suit based upon diversity jurisdiction. The court conducted a review pursuant to 28 U.S.C. § 1915 and dismissed counts V, IX, and X of the complaint for failure to state a claim. Plaintiff moves for reconsideration on the bases that the court erred in dismissing the counts, the court did not analyze the factual basis and provide any rational determination of the facts, § 1915 was inappropriately utilized in this case because plaintiff is not a prisoner and, in dismissing the counts, the court violated the adversary proceedings contemplated by the Federal Rules of Civil Procedure. Plaintiff also asks the court for leave to

certify the following question to the U.S. Court of Appeals for the Third Circuit, to-wit: "Whether Section 1915(e)(2)(B) violated the due process clause; where a complaint is filed in forma pauperis by a party who is not a prisoner?" Plaintiff filed an almost identical motion in <u>Atamian v. Burns</u>, Civ. No. 06-196-SLR, D.I. 7 (D. Del.).

2. **Standard of Review**. The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. <u>Max's Seafood Cafe v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).

3. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. <u>See Glendon Energy Co. v. Borough of Glendon</u>, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." <u>Brambles USA, Inc. v. Blocker</u>, 735 F. Supp.

1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

    4. **Discussion.** Plaintiff seeks reconsideration of the court's order dismissing counts V, IX, and X of the complaint. The main thrust of plaintiff's motion for reconsideration is that 28 U.S.C. § 1915 is inapplicable to him because he is not a prisoner, and it should not have been used to summarily dismiss the aforementioned counts.

    5. The court is statutorily required to review the complaint of a plaintiff proceeding in forma pauperis prior to service of process under 28 U.S.C. § 1915(e). The screening procedures established by § 1915(e) apply to complaints filed by prisoners as well as to non-prisoner in forma pauperis cases. See Newsome v. Equal Employment Opportunity Comm'n, 301 F.3d 227, 3231-33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205-06 (2d Cir. 2002) (affirming dismissal of in forma pauperis non-prisoner case for failure to state a claim pursuant

to 28 U.S.C. § 1915(e)(2)).  Plaintiff's position that § 1915 is inapplicable to him is untenable.  Also, his argument that the court did not conduct a proper analysis of the complaint is without merit.

6.  The court declines to certify plaintiff's proposed question to the U.S. Court of Appeals for the Third Circuit.  The Third Circuit routinely applies 28 U.S.C. § 1915 to non-prisoners.  See e.g., In Re Johnson, No. 06-2110, 2006 WL 2348889, at *1 (3d Cir. Aug. 15, 2006) (court first reviews bankruptcy appeal for possible dismissal under § 1915(e)(2)(B)).

7.  **Conclusion**.  There was no intervening change in the controlling law or new evidence that was not available when the June 5, 2006 order was entered.  After reviewing the complaint, the June 5, 2006 order and plaintiff's pending motion, the court finds there is no need to correct a clear error of law or fact or to prevent manifest injustice.  Plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, his motion (D.I. 10) is **denied**.

                                                                 _____
                                                                 UNITED STATES DISTRICT JUDGE