IN THE UNITED STAES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GABRIEL ATAMIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 06-183-SLR |
| ) | |
| DR. JAMES J. GENTILE and ) | |
| JANE DOE a/k/a Ms. SHELBY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM ORDER**

At Wilmington this 19th day of December, 2006, having considered defendants' motion to dismiss, plaintiff's motions to transfer and to stay, as well as the papers submitted in connection therewith;

IT IS ORDERED that plaintiff's motion to transfer (D.I. 16) is granted, for the reasons that follow:

1. By memorandum order dated June 2, 2006, the court dismissed counts V, IX and X of plaintiff's complaint and identified cognizable diversity state claims based on Pennsylvania law on the remaining counts, i.e., counts I, II, III, IV, VI, VII and VIII. (D.I. 9) The United States Marshal was ordered to serve process as directed by plaintiff.

2. On August 11, 2006, defendants moved to dismiss for lack of personal jurisdiction over the person and improper venue.

(D.I. 14, 15)  In response, plaintiff moved to transfer this action to the Eastern District of Pennsylvania.  (D.I. 16, 17) Filed contemporaneously was plaintiff's motion to stay the proceedings pending resolution of the motion to transfer.  (D.I. 18)

    3.   In their opposition to the motion to transfer, defendants aver that the interests of justice mandate that this action be dismissed instead of transferred.  (D.I. 15) Specifically, because plaintiff failed to file the certificate of merit (required by Pennsylvania law to maintain a medical malpractice action), his claims cannot proceed in Pennsylvania.

    4.   Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice.  Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice.  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995); Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp.2d 192, 208 (D. Del. 1998).

    5.   It is undisputed that the Eastern District of Pennsylvania is the proper venue for this action.  Considering

plaintiff's pro se status, the Eastern District should determine whether he has properly filed this action to survive a motion to dismiss.

IT IS FURTHER ORDERED that:

1.   Defendants' motion to dismiss is denied without prejudice to renew, and plaintiff's motion to stay is denied. (D.I. 14, 18)

2.   The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Pennsylvania.

                                                        /s/ Sue L. Robinson
                                           United States District Judge